Filed 12/9/15  P. v. Avila CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063508 |
| v. | (Super.Ct.No. FVI026060) |
| JOBANY AVILA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam I. Morton, Judge.  Affirmed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald L. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Alastair Agcaoili and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

Defendant Jobany Avila appeals from the denial of his petition requesting redesignation of his conviction as a misdemeanor under Penal Code section 1170.18.[1] He contends (1) his conviction of receiving a stolen vehicle (§ 496d) qualified for resentencing under Proposition 47, and (2) equal protection principles require that section 496d offenses be treated as misdemeanors. We affirm.

FACTS AND PROCEDURAL BACKGROUND

As relevant to this appeal, defendant was charged in an information in 2007 with unlawfully driving or taking a vehicle, a 1998 Nissan Sentra. (Veh. Code, § 10851, subd. (a).) Pursuant to a plea agreement, defendant entered a plea of no contest to the incidentally related offense of receiving a stolen vehicle (Pen. Code, § 496d), and other charges and enhancement allegations were dismissed. Defendant was sentenced to one year four months in state prison.

On April 9, 2015, defendant filed a petition for resentencing (Pen. Code, § 1170.18) requesting that his violation of Vehicle Code section "10851 [*sic*]" be designated a misdemeanor. The People opposed the petition on the ground that Vehicle Code section 10851 was not affected by Proposition 47. The trial court entered an order stating that the plea was to Penal Code section 496d, which does not qualify for resentencing under Proposition 47.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

DISCUSSION

After briefing was completed in this case, this court issued its opinions in *People v. Garness* (2015) 241 Cal.App.4th 1370, and *People v. Peacock*, E063095, 2015 Cal.App. Lexis 1054 \_\_\_ Cal.App.4th \_\_\_, in which we held that Proposition 47 relief is not available to reduce a conviction of Penal Code section 496d to a misdemeanor and that the failure to provide such relief does not violate equal protection principles.  For the reasons set forth in those opinions, we likewise reject defendant's contentions.

DISPOSITION

The order appealed from is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER                          
                                          J.

We concur:


RAMIREZ                          
                P. J.


HOLLENHORST                    
                J.

3